## John F. Smith *vs.* Thomas Tarbox.

### York.   Opinion July 2, 1879.

#### *Evidence.   Declarations.*

In trespass against an officer for attaching a store of goods claimed by the plaintiff, on writs against the plaintiff's brother, the defendant denied the plaintiff's title, contending that, with intent to defraud the brother's creditors, the plaintiff and brother arranged to give the plaintiff the nominal title while in fact the brother was the real owner; and to prove it the defendant offered in evidence the declarations of the brother, made while conducting the business and in the absence of the plaintiff, tending to show that he was not clerk but principal, and that the plaintiff's name was only used to protect the goods against the brother's creditors: *Held,* inadmissible to prove the corrupt agreement.

ON MOTION AND EXCEPTIONS.

TRESPASS against the sheriff of this county for the alleged misfeasance of his deputy, in entering store No. 83, Marble Block, Biddeford, and taking goods therefrom, in June, 1877.

The defendant pleaded the general issue, with a brief statement of justification under legal writs against one George T. Smith, commanding the deputy to attach the goods in question as the property of George T. Smith, brother of the plaintiff, and their subsequent sale on execution in due course of law, alleging that the goods were the property of George T. Smith and not the plaintiff's, and that the plaintiff's claim was the result of a fraudulent arrangement between the plaintiff and his brother George to cover the property of George in fraud of his creditors.

The plaintiff offered evidence tending to show that he bought the goods of one Staples, hired the store of him and employed George to carry on the business in the store as his clerk and cutter.

The defendant claimed that the purchase was in fact made with the funds and on the credit of George, and the latter was in reality carrying on the business for his own benefit and on his own account and not as the servant of the plaintiff.  In support of this claim the defendant called B. F. Chadbourne as a witness by whom he offered to show that, subsequent to the plaintiff's alleged purchase of

Staples and while George was apparently carrying on the business in the store and in possession of the goods, George told the witness that he (George) was in trade under his brother's (plaintiff's) name; that he was ashamed to do business thus as it hurt his credit; and that it was done for the sole purpose of protecting him against his creditors to whom he was indebted as one of the late firm of Cobb & Smith, and that he made many promises between March 8, 1877, and the date of the attachment to pay his debt to Chadbourne & Kendall, based on his assertion of his ownership of the goods attached. The presiding justice excluded the testimony and the defendant alleged exceptions, and moved to set aside the verdict as being against law and evidence.

*John M. Goodwin & W. F. Lunt,* for the plaintiff.

*Alden J. Blethen,* for the defendant, contended that the declarations of George T. Smith were admissible as coming from one in possession; and cited Bump Fraud. Convey., under head of " Declarations in Possession." *Blake* v. *White,* 13 N. H. 267. They were *res gestae. Pomeroy* v. *Bailey,* 43 N. H. 126.

Counsel also cited Bump Fraud. Convey. 265.

SYMONDS, J.    This is an action against the sheriff for the alleged trespass of his deputy in entering a shop at Biddeford and attaching, on writs against George T. Smith, the plaintiff's brother, certain goods therein claimed by the plaintiff.

The defense denies the plaintiff's title to the property and alleges that, with intent to defraud the creditors of George T. Smith, the plaintiff and he made an arrangement to give the plaintiff the nominal title to the goods attached, while in fact George T. Smith was the owner of them and the proprietor of the business carried on in the shop.

During the trial, the defendant in support of the theory that the goods were the property, not of the plaintiff but of his brother, offered to prove certain declarations of George T. Smith, made while he was conducting the business, tending to show that he was not a clerk but the principal, and that his brother's name was used only as a protection to him against the claims of preexisting creditors.

These declarations of George T. Smith, made in the absence of the plaintiff, were excluded by the court, and to this ruling the defendant excepts.

It is evident from an examination of the exceptions and report of evidence that the statements of the plaintiff's brother were offered for the purpose of proving the corrupt agreement alleged. There was nothing else in dispute which they tended to establish.

Upon this question of collusion between the plaintiff and his brother, of the existence of the alleged conspiracy or fraudulent agreement between them, we think the declarations of George T. Smith were not admissible against the plaintiff, under any of the exceptions to the rule excluding hearsay testimony. Although they were made while he was in possession of the stock and engaged in managing the business, still they were only competent evidence against himself and those between whom and himself some privity of interest or estate or some collusion was first shown. They were not admissible against the plaintiff to prove the fact of such privity of interest nor to prove such collusion.

The sole purpose which the admission of the testimony in this case could have served would have been in its tendency to prove that the plaintiff was a party to the fraudulent agreement alleged. The result would have been to affect the plaintiff upon this preliminary question, of the existence of such common fraudulent design, by the statements of another, made out of court and not in the plaintiff's presence.

The authority cited from 13 N. H. 267, has some tendency to support the claim of the defendant in regard to the admissibility of the evidence we are considering. But upon examination we are satisfied that the ground on which the learned court in that case deemed the evidence admissible was that the relation of vendor and vendee existed between the plaintiff and his brother, James L. Blake, whose declarations were received. Such sale being alleged to be fraudulent as to both parties to it, the declarations of each became material. This is not true of the present case. The plaintiff does not claim title through his brother, George T. Smith ; and to receive in evidence the declarations of the latter would be to go one step farther than the court go in

*Blake* v. *White*, and to overstep a wise and necessary limit to the introduction of testimony before the jury. It is not that in particular instances the admission of evidence like this might not serve the ends of justice, but that in its general operation, the rule excluding it will produce better results.

Whatever doubts may remain upon the case, we are of the opinion that, the rulings on matters of law having been correct, there is no such manifest error as will justify us in disturbing the verdict.

*Motion and exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.

VIRGIN, J., did not sit.